# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1112V**
**Filed: October 26, 2026**

| | |
|---|---|
| EILEEN SCHMIGEL,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Dorian Hurley, U.S. Department of Justice, Washington, DC, for respondent.*

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On August 18, 2017, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging that her receipt of an influenza ("flu") vaccination on October 21, 2015, caused her to suffer chronic inflammatory demyelinating polyneuropathy or "CIDP." (ECF No. 1.) A judgment was entered dismissing the case on May 23, 2025. (ECF No. 103.) Petitioner now moves for an award of attorneys' fees and costs in the total amount of $151,381.12. (ECF No. 106.) In his response, respondent agrees that the statutory requirements for an award of attorneys' fees and costs are met and requests that the special master exercise his discretion in determining the amount of the award, though he argues that petitioner's expert, Dr. Souayah, billed excessively. (ECF No. 107.) For the reasons discussed below, I award attorneys' fees and costs in the reduced amount of $132,818.62.

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

## I. Analysis

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and . . . other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). Here, although petitioner did not prevail, I am satisfied that this case was brought in good faith and that the petition had a reasonable basis. Respondent agrees. (ECF No. 107, p. 2.)

### a. Reasonable Attorneys' Fees

In determining the appropriate amount to be awarded, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348. It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In reviewing fee applications, special masters need not engage in a line-by-line analysis. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioner's request includes attorneys' fees of $103,115.00, including $92,465.90 for attorney work and $10,649.10 for paralegal work. (ECF No. 106, pp. 1-2, 5-29.) Attorney hours and rates are as follows:

Paul Brazil

| | | |
|---|---|---|
| 2020 | .8 hours | $350 per hour |
| 2021 | 23.1 hours | $375 per hour |
| 2022 | 14.5 hours | $400 per hour |
| 2023 | 27.2 hours | $425 per hour |
| 2024 | 54.3 hours | $450 per hour |
| 2025 | 3.7 hours | $475 per hour |

Shealene Mancuso

| | | |
|---|---|---|
| 2017 | 20.2 hours | $225 per hour |
| 2018 | 39.8 hours | $233 per hour |
| 2019 | 14.4 hours | $250 per hour |
| 2020 | 79.1 hours | $275 per hour |

Amy Senerth

| | | |
|---|---|---|
| 2024 | 2.0 hours | $400 per hour |

The firm's paralegals billed at rates ranging from $125 per hour to $180 per hour. (ECF No. 106, pp. 1-2.)

The rates requested are reasonable and consistent with what has previously been awarded. *E.g.*, *Lavender v. Sec'y of Health & Human Servs.*, No. 18-1921V, 2021 WL 4439146 (Fed. Cl. Spec. Mstr. Aug. 30, 2021); *Maupin v. Sec'y of Health & Human Servs.*, No. 19-823V, 2024 WL 1635622 (Fed. Cl. Spec. Mstr. Mar. 18, 2024); *Wichman v. Sec'y of Health & Human Servs*., No. 22-1718V, 2025 WL 1541054 (Fed. Cl. Spec. Mstr. Apr. 28, 2025); *Rebelo v. Sec'y of Health & Human Servs*., No. 20-618V, 2026 WL 2727546 (Fed. Cl. Spec. Mstr. July 24, 2026). Based on my review of the billing records, and considering the procedural history of this case, I find the number of hours billed to be reasonable as well.

Accordingly, I award attorneys' fees in the requested amount of $103,115.00.

**b. Reasonable Attorneys' Costs**

Attorneys' costs must also be reasonable and sufficiently documented. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Petitioner seeks a total of $48,266.12 in attorneys' costs. (ECF No. 106, p. 31.) The bulk of the requested costs are attributable to expert fees for the work of neurologist Nizar Souayah, M.D., who billed a total of $37,125.00, representing 74.25 hours at a rate of $500 per hour, to prepare one 20-page report. (ECF No. 106, p. 51.)

In contending that Dr. Souayah's billing is excessive, respondent notes that the medical records that would have been reviewed in connection with his report totaled only about 1,000 pages.[3] (ECF No. 107, p. 4.) According to Dr. Souayah's invoice, he billed 35.75 hours that can be isolated to reviewing and summarizing the exhibits in the case. (ECF No. 106, p. 51.) By contrast, Dr. Chen, also a neurologist, billed only ten hours[4] to produce her initial report. (*Id.* at 49.) And, notably, Dr. Chen's summary of petitioner's medical history is no less substantive or comprehensive than Dr. Souayah's. (*Compare* Ex. 30, pp. 1-5 (Souayah), *with* Ex. 47, pp. 2-10 (Chen).) The remaining 38.5 hours Dr. Souayah spent researching and drafting his report is more than double the entirety of Dr. Chen's billing in the case despite Dr. Chen having produced multiple reports. That being said, it is important to note that Dr. Chen was not tasked with establishing petitioner's theory of vaccine causation in this case, which was presented within Dr. Souayah's report.

After reviewing Dr. Souayah's invoice and considering the facts and circumstances of this case as well as the content of his report, I find that a 50% reduction in Dr. Souayah's billing is appropriate. Prior cases confirm that Dr. Souayah is capable of producing reports of comparable length and complexity for much less, sometimes half as much, as he has billed in this case. *E.g.*, *Putnam v. Sec'y of Health & Human Servs*., No. 16-1273V, 2023 WL 7400712, at *1-2 (Fed. Cl. Spec. Mstr. Aug. 21, 2023) (discussing Dr. Souayah's invoice requesting $26,250.00 plus a $4,000.00 retainer to produce two reports totaling 23 pages in a case alleging the flu vaccine caused CIDP); *Chevalier v. Sec'y of Health & Human Servs*., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017) (noting Dr. Souayah billed 35.5 hours at $425 per hour to produce a report in a case alleging the Tdap vaccine caused GBS); *Taylor v. Sec'y of Health & Human Servs*., No. 13-700V, 2018 WL 6291355, at *4 (Fed. Cl. Spec. Mstr. Oct. 30, 2018) (noting Dr. Souayah billed 26 hours to produce a report in a case alleging the flu vaccine caused ADEM). Moreover, prior cases also note that Dr. Souayah engages in vague billing, which compounds the issue of assessing the reasonableness of the hours he bills, and is likewise an issue in this case. *Chevalier*,

---

[3] Additionally, respondent argues that approximately half of Dr. Souayah's 20-page report is copied nearly verbatim from a report he produced in another case on the undersigned's docket, *Apuzzo v. Secretary of Health & Human Services*. (ECF No. 107, p. 5 (discussing Medical Expert Report of Dr. Nizar Souayah, *Apuzzo v. Sec'y of Health & Human Servs.*, No. 17-1915V (Fed. Cl. Spec. Mstr. July 31, 2019), Dkt. No. 58-1).) Double billing for duplicative work is concerning and should be monitored closely in later cases involving Dr. Souayah. However, this argument cannot be credited in this specific instance, because Dr. Souayah's report in this case was prepared prior to the report respondent cites in the *Apuzzo* case. Nothing on the existing record establishes that Dr. Souayah's work in this case was not original.

[4] Dr. Chen billed at a rate of $500 per hour, which I find to be reasonable.

2017 WL 490426, at *3; *Kissinger v. Sec'y of Health & Human Servs.*, No. 17-1063V, 2021 WL 5026810, at *3 (Fed. Cl. Spec. Mstr. Oct. 13, 2021).

The remainder of the requested costs are reasonable and sufficiently documented. Accordingly, I award attorneys' fees in the reduced amount of $29,703.62.

## II. Conclusion

In light of the above, petitioner's motion at ECF No. 106 is **GRANTED**, with a reduction, and petitioner is awarded a lump sum of **$132,818.62**, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).